IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICTR OF ALABAMA
SOUTHERN DIVISION

LOGAN CARTER and JOSH        *
CARRERA,                     *
                             *
        Plaintiffs,          *
                             *
                             *
vs.                          *
                             *    CA 1:22-CV-00299-C
                             *
CITY OF SATSUMA and OFFICER  *
HARVEY ROBERTS, in his       *
individual and official capacities, *
                             *
        Defendants.          *

**ORDER**

The Court has raised, *sua sponte,* a jurisdictional issue based on the information discussed during the Rule 16 scheduling conference. This matter is before the undersigned on Plaintiffs' Response (Doc. 15) to a Show Cause Order (Doc. 12) entered October 12, 2022. After consideration of the Response and the Court record, it is decided that the claims brought under 42 U.S.C. § 1983 should be dismissed without prejudice and the remaining state-law claims should be remanded to the Circuit Court of Mobile County, Alabama.

**I.**    Procedural History.

Plaintiffs Carter and Carrera initially filed this case in the Circuit Court of Mobile County, Alabama on July 1, 2022, bringing three causes of action against the Defendants: 1) a state-law claim for false imprisonment and arrest; 2) a state-law claim for malicious prosecution; and 3) a claim for violation of Plaintiffs' constitutional rights pursuant to 42 U.S.C. § 1983. In Count Three of the Complaint, Plaintiffs explicitly

2

allege that, their rights, pursuant to the Unites States Constitution and Alabama State Constitution, were violated by actions of Defendants in that they were wrongfully detained without justification or legal excuse and wrongly prosecuted.

On October 11, 2022, a scheduling conference was held with counsel for all parties appearing. After a discussion about the ripeness of the claims brought by the Plaintiffs pursuant to 42 U.S.C. § 1983, it was reported that both Plaintiffs were convicted of the charges for which they were arrested and those convictions have not been reversed or overturned, nor have they been brought into question by a federal court pursuant to petitions for habeas corpus relief. Plaintiffs have appealed their convictions and those appeals are pending in the Circuit Court of Mobile County, Alabama.  This discussion included a proposal that the action be stayed pending resolution of the appeals pending in the Circuit Court of Mobile County, Alabama.

After the scheduling conference, a show cause order was issued requiring the Plaintiffs to show cause why this action should not be dismissed without prejudice as opposed to being stayed indefinitely.  Their response admitted that the § 1983 claims and the state-law claim for malicious prosecution were not ripe and that a dismissal without prejudice would be appropriate at this stage of the proceedings.  They argue, however, that the state-law claim for false arrest and detention is ripe and should be remanded to the Circuit Court of Mobile County, Alabama.

The removing Defendants have not responded to the Court's inquiry.

II.     Discussion.

    A.     Ripeness.

"Section 1983 provides a cause of action for private citizens against government actors for violating their constitutional rights and other federal laws. 42 U.S.C. § 1983. To recover damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid in a § 1983 action, a plaintiff must show the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Wroten v. Floyd*, 2022 WL 1238346, at *1 (11th Cir. 2022) (*quoting Heck v. Humphry,* 512 U.S. 477, 486-87 (1994)).  Those § 1983 actions brought before a challenged conviction or sentence is invalidated, must be dismissed. *Heck* at 487.

Given the clear agreement of the parties that the underlying criminal convictions are on appeal but have not been overturned or invalidated and that the present civil claims go to the heart of the constitutional validity of said convictions, the § 1983 claims are due to be dismissed.

B.      Supplemental Jurisdiction.

28 U.S.C. § 1367(a) states, in relevant part:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The statute authorizes, however, that district courts may *decline* to exercise this supplemental jurisdiction if the district court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), the Supreme Court of the United States stated:

> [I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine– judicial economy, convenience, fairness, and comity– will point toward declining to exercise jurisdiction over the remaining state-law claims.

*Id.* at 619 n.7. The Eleventh Circuit, in *Raney v. Allstate Ins. Co.*, 370 F.3d 1086 (11th Cir. 2004) (per curiam), initially noted that "the decision to exercise supplemental jurisdiction over pendent state claims rests within the discretion of the district court" and then admonished: "We have encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial." *Id.* at 1088-89 (citing *Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999)). *See also Lieu v. Sandy Sansing Cars, Inc.*, 2007 WL 4287642, \*1-2 (N.D.Fla. 2007) (properly conflating pendent jurisdiction with supplemental jurisdiction and quoting *Raney* to state that federal courts considering the issues of "judicial economy, convenience, fairness, and comity" are "encouraged to remand remaining state claims when all of the federal claims in a case have been eliminated prior to trial.").

The factors favoring remand in this action are clear and dictate a remand of the state-law claims.  Plaintiffs have agreed that the federal claims and one of the state-law claims is not ripe but have requested a remand of the second state-law claim that is arguably properly before the court.  Given these circumstances, dismissal of

the federal question claims prior to trial and a judicial policy favoring remand of state claims that are the sole claims remaining, the state-law claims are to be remanded.

III.    Conclusion.

Plaintiffs' constitutional claims brought pursuant to 42 U.S.C. § 1983 have not matured into viable causes of action and are therefore **DISMISSED WITHOUT PREJUDICE**.  The dismissal of the § 1983 claims remove the only claims upon which federal question jurisdiction was based.  Under these circumstances, the Court **DECLINES** to exercise supplemental jurisdiction over the remaining state-law claims and they are to be **REMANDED** to the Circuit Court of Mobile County, Alabama.

**DONE AND ORDERED** this the 8th day of February, 2023.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE